UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel., et al.*, <br><br> Plaintiffs/Relators, <br><br> v. <br><br> CENTER FOR DIAGNOSTIC IMAGING, INC., <br><br> Defendant. | Case No. C05-0058RSL <br><br> ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE |

This matter comes before the Court on "Plaintiff-Relators' Motion to Strike 'Affirmative Defenses'" (Dkt. # 167). Plaintiffs ask the Court to strike seven of Defendant's ten affirmative defenses as "baseless and improper." For the reasons set forth below, the Court GRANTS Plaintiffs' motion IN PART.

## I. BACKGROUND

The Court described the background facts underlying this matter in the Court's "Order Granting in Part and Denying in Part CDI Defendants' Motion to Dismiss" (Dkt. # 129) and in its subsequent "Order Denying Defendant's Motion to Dismiss or Strike and for Rule 11 Sanctions" (Dkt. # 161). It will not repeat those facts here.

Following entry of those orders, Defendant filed its "Second Amended Answer to

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE - 1

Plaintiffs/Relators' Fourth Amended Complaint" ("SAA") (Dkt. # 165).[1]  In its SAA, the Defendant asserted the following ten defenses:

> 1. Some or all of Plaintiffs' claims are subject to the public disclosure bar of the False Claims Act [("FCA")], and Plaintiffs are not original sources of the claims as that term is understood under the Act; accordingly, they are jurisdictionally barred from asserting their claims.

> 2. Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands, and/or *in pari delicto* inasmuch as Relator West engaged in improper and inequitable activities during the time of her employment with CDI relating to the subject matter of claims that she has raised.

> 3. Some or all of Plaintiffs' claims are barred by the doctrines of waiver, including but not limited to claims related to payments made by the government for epidurographies, fluoroscopic guidance, injection procedures, MRAs, discounted services, CT Orbits, and claims related to referrals from Sound Urological.

> 4. Some or all of Plaintiffs' claims are barred by the doctrine of accord and satisfaction to the extent the government has accepted prior payments from CDI and/or its affiliates.

> 5. Some or all of Plaintiffs' claims are barred by the statute of limitations.

> 6. Some or all of Plaintiffs' claims are barred by the doctrine of release, including such releases as were provided under the Settlement Agreement entered into with the United States. (See Dkt. # 107.)

> 7. Some or all of Plaintiffs' claims are barred by claim preclusion, including but not limited to those related to epidurographies, fluoroscopic guidance, injection procedures, MRAs, Sound Urological, discounted services, the Stark Law, CT Orbits, and any other previously adjudicated or settled claims.

> 8. If Plaintiffs suffered damages, such damages were caused by the acts or omissions of persons for whose acts or omissions CDI is not liable.

---

[1] The Court notes that Defendant filed its answer long after the agreed-upon deadline of September 2, 2011, and only after repeated prompting by Plaintiffs. See Mot. (Dkt. # 167) at 6–7. The Court appreciates Plaintiffs' obvious desire to avoid further delay.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE - 2

        9. Without conceding any liability or that Plaintiffs have suffered any damages as a result of any purportedly wrongful acts or omissions of CDI, CDI pleads that it has made a good faith effort to comply with all applicable laws.

        10. Plaintiffs' claims are unconstitutional to the extent that any law is applied, or is sought to be applied, *ex post facto*.

Id. at 39–40.  Plaintiffs challenge all but defenses five, six, and seven.

## II.  DISCUSSION

        Federal Rule of Civil Procedure 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses," including nineteen enumerated defenses.  "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."  Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987).  Their purpose is to put "the plaintiff on notice that matters extraneous to his prima facie case are in issue."  Id.; see Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971).

        The key to determining the sufficiency of the pleading of an affirmative defense is whether it gives plaintiff "fair notice" of the defense.  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam).  Factually speaking, courts in this district have generally interpreted "fair notice" to require something far less than the specificity required of a complaint under Twombly and Iqbal.  E.g., In re Wash. Mut., Inc., No. 08-md-1919 MJP, 2011 WL 1158387, at *1, *5 (W.D. Wash. March 25, 2011) (Pechman, J.) (declining to require detailed pleading or plausible factual support so long as a "factual basis" was evident from the complaint); Kerzman v. NCH Corp., No. C05-1820JLR, 2007 WL 765202, at *7 (W.D. Wash. March 9, 2007) (Robart, J.) (same).  But see Straightshot Commc'ns. Inc. v. Telekenex, Inc., No. C10–268Z, 2010 WL 4793538, at *2 (W.D.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE - 3

1  Wash. Nov. 19, 2010) (Zilly, J.) (applying Twombly).  As a result, courts typically

2  decline to strike an allegedly "insufficient" affirmative defense unless plaintiff shows that

3  "there are no questions of fact, that any questions of law are clear and not in dispute, and

4  that under no set of circumstances could the defense succeed."  Kerzman, 2007 WL

5  765202, at *7.

6        Notably, even if a defense has been sufficiently plead, courts have discretion under

7  Federal Rule of Civil Procedure 12(f) to strike those that entail "redundant, immaterial,

8  impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid

9  the expenditure of time and money that must arise from litigating spurious issues by

10 dispensing with those issues prior to trial . . . ."  Sidney–Vinstein v. A.H. Robins Co., 697

11 F.2d 880, 885 (9th Cir. 1983).

12 **A.  First Defense: Public Disclosure/Original Source**

13       In its original motion, Plaintiffs argued that Defendant's asserted defense was

14 merely a denial of liability and therefore not a matter "extraneous to the plaintiff's prima

15 facie case."  See Mot. (Dkt. # 167) at 11.  It also argued that Defendant had failed to

16 plead sufficient facts to put Plaintiffs on notice as to who Defendant alleges to be the

17 original source of the claims in question.  In response, Defendant noted that it relies upon

18 31 U.S.C. § 3730(e)(4) ("Certain Actions Barred"), which operates as a jurisdictional bar,

19 as the foundation of its defense.  Opp. (Dkt. # 169) at 4 (citing United States ex rel.

20 Hagood v. Sonoma Cnty. Water Agency, 929 F.2d 1416, 1419 (9th Cir. 1991) (describing

21 § 3730(e)(4) as a jurisdictional bar)).

22       Now that Defendant has disclosed the basis of its defense, the Court sees no reason

23 to strike.  See Wyshak, 607 F.2d at 827 (denying motion to strike in light of reference to

24 specific statutory basis for an asserted defense in a memorandum).  Though Defendant

25 admittedly provides few details to support its contention, the Court cannot conclude that

26 ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE - 4

Plaintiffs have demonstrated that they lack fair notice of Defendant's defense. Plaintiffs can readily obtain the factual detail they seek through common discovery practices.

**B. Second Defense: Unclean Hands**

Plaintiffs next argue that Defendant's unclean hands defense should be stricken because they stand in the shoes of the United States, the real party in interest, and bring an action in law, not equity. Mot. (Dkt. # 167) at 11. Defendant responds by arguing that Plaintiffs themselves requested equitable relief in connection with their FCA claim. Opp. (Dkt. # 169) at 4–5. Conceding that they did, Plaintiffs argue in reply that the request was inadvertent and stipulate to its withdrawal. Reply (Dkt. # 171) at 3.

The Court notes that the Ninth Circuit has already concluded that a qui tam defendant may not defend an FCA action by asserting that a qui tam plaintiff has unclean hands. Mortgages, Inc. v. U.S. Dist. Ct. for Dist. of Nev. (Las Vegas), 934 F.2d 209, 213 (9th Cir. 1991) (per curiam); see also Cell Therapeutics Inc. v. Lash Grp. Inc., --- F.3d ----, 2010 WL 22686, at *9 (9th Cir. Jan. 6, 2010). Rather, "the framers of the Act recognized that wrongdoers might be rewarded under the Act, acknowledging the qui tam provisions are based upon the idea of 'setting a rogue to catch a rogue.'" Mortgages, Inc., 934 F.2d at 213 (citation omitted).

Because Defendant makes no other argument as to why its defense should not be stricken, the Court accepts Plaintiffs' stipulation and STRIKES both its request for equitable relief and Defendant's second affirmative defense.

**C. Third and Fourth Defense: Waiver & Accord and Satisfaction**

The crux of Plaintiffs' complaint about defenses three and four is that they are redundant. Reply (Dkt. # 171) at 12–13. The Court is not convinced. As explained by Defendant in its Opposition, it asserts waiver in light of the litigation history of this case and accord and satisfaction on account of a settlement agreement previously reached with

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE - 5

the United States. Opp. (Dkt. # 169) at 5–7. Though Plaintiffs may have good reason to be skeptical about the viability of these defenses, see Mot. (Dkt. # 167) at 12–13, their concerns are better dealt with after the parties have had the benefit of discovery.

### D. Eighth Defense: Damages Caused by Third Persons

Plaintiffs next assert that Defendant's third-person defense lacks sufficient factual support and must be dismissed. However, the better rationale for striking lies in the fact that the purported defense amounts to nothing more than a denial of liability and is thus not an affirmative defense at all. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). On that ground, the Court STRIKES the defense.

### E. Ninth Defense: Good Faith

Defendant's ninth defense is also not an affirmative defense, but rather a simple denial of liability. Zivkovic, 302 F.3d at 1088. The Court thus STRIKES it as well.

### F. Tenth Defense: *Ex Post Facto* Application of the Law

Defendant's final defense is that the *Ex Post Facto* Clause of the United States Constitution precludes application of those portions of the FCA amended by the Fraud Enforcement Recovery Act of 2009 ("FERA") against them. Opp. (Dkt. # 169) at 8–9.

The Court notes that the law is currently unsettled as to whether any portion of FERA gives rise to *ex post facto* concerns. Compare, e.g., United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc., 608 F.3d 871, 878 (D.C. Cir. 2010) (holding that the *Ex Post Facto* Clause does not apply to the FCA because it is not penal), and United States ex rel. Drake v. NSI, Inc., 736 F. Supp. 2d 489, 498–502 (D. Conn. 2010) (same), with United States ex rel. Sanders v. Allison Engine Co., 667 F. Supp. 2d 747, 756 (S.D. Ohio 2009) (holding that FERA's retroactivity provision violates the *Ex Post Facto* Clause). Accordingly, the Court would need far more detailed and persuasive briefing before it

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE - 6

could conclude that Plaintiffs have carried their burden of demonstrating "that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." See Kerzman, 2007 WL 765202, at *7.

Notably, however, the Court does agree that, as alleged, the defense stops short of providing Plaintiffs with "fair notice" of Defendant's theory. Wyshak, 607 F.2d at 827. At no point in its SAA or its memoranda does Defendant reference any specific FCA provisions it believes problematic. Defendant have thus failed to provide Plaintiffs with "a chance to argue, if [they] can, why the imposition of [the defense] would be inappropriate." Blonder-Tongue Lab., 402 U.S. at 350. The Court thus STRIKES Defendant's tenth affirmative defense, but GRANTS Defendant leave to amend. Within 21 days of the date of this Order, Defendant may file an amended answer that adequately asserts its *ex post facto* defense. Wyshak, 607 F.2d at 826.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Plaintiffs' motion IN PART. The Court STRIKES Defendant's second (unclean hands), eighth (third party), ninth (good faith), and tenth (*ex post facto*) defenses. The Court also STRIKES Plaintiffs' FCA request for equitable relief. Defendant may re-assert its tenth defense in a more sufficient manner within 21 days of the date of this Order.

DATED this 16th day of December, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE - 7